THIS is a bill filed for the recovery of a sum of mo-iiey due for the purchase of a small tract of thirty-five -acres of land, at a stipulated price. At the time of the purchase of this tract, another and a larger tract was purchased. It was then believed a claim of dower would be made, and an agreement was entered into in writing in January, 1794, between Mr. Boyle and Mr. Rowand, that the price of the small tract should be re-sexwed $ and that in case Mrs. Sanders, (formerly Mrs. Ferguson,) or any other person should establish a right in the lands sold, then the said Robert Rowand should satisfy the claim of dower, out of the price of the said thirty-five acres, and pay the balance of the price to the said John Boyle, his executors, &c. and if no claim should be established by Mrs. Sanders, or any other per.son claiming under Charles Ferguson, then that the «aid Robert Rowand should pay to the said John Boyle the agreed consideration for the said thirty-five acres,
The answer of the defendant admits that he took possession of the said lands including the thirty-five acres, and has held and enjoyed the same undisturbed; that no claim has ever been made or established for dower in the said lands, and that he has never paid any part of the consideration money.
Two questions were made :
1. Whether as the claim of dower might still he made and established, Mr. Rowand is bound to pay the money till he should be secured against such claim ?
2. Whether he ought to he obliged to pay interest on the debt ?
On the first point, I am of opinion that as no claim of dower has been made for nineteen years, which lapse of Mme would be a legal bar to the claim, (for time will be *556 a Ttar to that as well as other claims,) the debt ought not ^bheld any longer.*
It cannot be presumed that the parties intended that ^ie ^t s^011^ remain unpaid, forever, waiting for the possibility of the claim of dower. Time enough has been allowed, and the claim not being made, the debt must be. paid. But as the complainant has offered in his bill, to indemnify the defendant against the claim, it is ordered and directed that on the payment of the debt, the complainant should deliver to the defendant Mrs. jSander’s renunciation of dower to the land in question, or enter into a bond with good security to indemnify the defendant against that claim for five years.
On the second point, I think that interest should be paid from the time Mr. Ho wand took possession of the land. (See Fludyer v. Cocker, 12 Yesey 25.) It is therefore ordered and decreed that the defendant pay over the amount of the purchase money for the thirty-five acres of land, with the interest and costs of suit.
There was no appeal from this decree.

 This is a very distinct question from the right of the widow, to have an assignment of dower, and an account of the arrears, from the heir. In that case, there is no limitation in equity or at law, without some special ground shewn. In Curtis and Curtis, 2 Bro. C. C. 620, Lord Alvanly says the Court universally gives the widow an account from the death of her husband. So too in Munday v. Munday, 2 Vesey, jun. 122 ; and the account has been carried back twelve years, though no reason assigned for the delay ; and though it was insisted that the account could not be carried back further than six years, a period adopted by analogy to the statute of limitations. See Oliver v Richardson, 9 Ves. 222. See the note (a) in 6 vol. of Ves, 215, and Pettiward v. Prescott, 7 Ves. 541. If tile account were barred at law, it might be made a question whether the account should be carried back to the %je when the title accrued. 2 Atlc. 287. 3 Atk. 124,13Q,